**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TOMMY LEE GAINES,**

      **Petitioner,**

**v.**                                 **Case No.  4:14cv178-RH/CAS**

**JULIE L. JONES, Secretary,
Florida Department of Corrections,**

**and**

**TENA M. PATE, CHAIR,
FLORIDA PAROLE COMMISSION,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On April 1, 2014, Petitioner Tommy Lee Gaines, an inmate of the

Florida Department of Corrections, proceeding pro se, filed a 28 U.S.C.

§ 2254 petition challenging the revocation of his conditional release

supervision and subsequent confinement.[1]  ECF No. 1.  Petitioner was

---

[1] An initial review of the petition revealed that Petitioner appeared to challenge his June 6, 1990, conviction and sentence entered by the Seventh Judicial Circuit, Putnam County, Florida.  Accordingly, it was recommended that the case be transferred to the United States District Court for the Middle District of Florida.  ECF No. 9.  Petitioner filed objections to that recommendation, clarifying that he was challenging the Florida Parole Commission's revocation of his conditional release.  ECF No. 10.  Based on this clarification, on April 8, 2014, the district judge rejected the report and recommendation to transfer the case.  ECF No. 12.

previously released on conditional release by the Florida Parole

Commission, but his conditional release was revoked when he was found

to have battered another individual, which the Florida Parole Commission

ruled was a violation of one of the conditions of his release.  On May 30,

2014, Petitioner filed a motion for appointment of counsel, ECF No. 7,

which was preliminarily denied by order entered June 6, 2014.  ECF No. 8.

Respondents were directed to file an answer, motion, or other response to

the petition.  ECF No. 13.  Respondent Julie L. Jones, as Secretary of the

Florida Department of Corrections, filed a limited response on July 21,

2015, indicating that because the claims raised by Petitioner challenge only

the actions of the Florida Parole Commission, now the Florida Commission

on Offender Review, the Florida Department of Corrections would defer to

the response of the Florida Parole Commission.[2]  ECF No. 14.  The Florida

Parole Commission's answer was filed, with exhibits, on July 21, 2015,

ECF No. 15, and Petitioner filed a reply, with exhibits, on August 21, 2015,

pursuant to the mailbox rule.  ECF No. 16.

---

[2] The name of the Florida Parole Commission was changed on July 1, 2014, to the Florida Commission on Offender Review.  *See* ch. 2014-191, Laws of Fla.  For consistency of reference with the state court record and because the entity was known as the Florida Parole Commission when this challenged action was taken, this order will continue to refer to this Respondent as "the Florida Parole Commission," "the Parole Commission," or "the Commission."

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing or appointment of counsel is required for disposition of this case. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons set forth herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief and this § 2254 petition should be denied.

## **Background and Facts**

The procedural history and facts of this case are established by the administrative and state court record as contained in the exhibits provided by Respondent.[3]  ECF No. 15. Petitioner was convicted and sentenced in Putnam County, Florida, in 1990 as a habitual felony offender to thirty years in state prison for possession of a firearm by a convicted felon and possession of cocaine.  Ex. 2A1.  He was released on conditional release supervision by the Florida Parole Commission for a term from September 1, 2008, to April 8, 2020, pursuant to section 947.1405, Florida Statutes.

---

[3] Hereinafter, all citations to the state record refer to the exhibits filed with Respondent Florida Parole Commission's answer, ECF No. 15, unless otherwise indicated.

Ex. 2B1.  The Certificate of Conditional Release and Terms of Supervision states in part: "Your continuance under supervision rests in the discretion of the Florida Parole Commission and if you do not demonstrate a capacity and willingness to fulfill the obligations of a law-abiding citizen, or if your continuance under supervision becomes incompatible with the welfare of society, you may be retaken on a warrant issued by the Commission and re-imprisoned pending a hearing to determine if your conditional release should be revoked."  Ex. 2B1.  The conditions included in the certificate of conditional release included the requirement that Petitioner "obey all laws, ordinances and statutory conditions of conditional release."  Ex. 2B2 (Condition #7).  In 2011, a violation was alleged based on allegations of Petitioner's failure to pay costs of supervision and a 2010 conviction for petty theft.  After Petitioner initially waived a hearing, then withdrew the waiver, a hearing was provided and Petitioner was reinstated to conditional release.  Ex. 2C1-9.

On May 31, 2012, the Commission issued a Warrant for Retaking Conditional Releasee based on another violation report alleging that Petitioner violated a condition of release by unlawfully touching, striking, or causing bodily harm to an individual in Putnam County, Florida, on or about May 26, 2012.  Ex. 2D1-6.  This violation report was based on an arrest

report by the Putnam County Sheriff's Office stating that the alleged victim, who had a cut on his chin, identified Petitioner as the person who struck him.  Ex. 2D5.  On June 6, 2012, Petitioner was provided a Notice of Hearing on Conditional Release/Control Release Violation, and a Conditional Release/Control Release Pre-Revocation Interview Notice of Rights, notifying Petitioner of a hearing to be held on the alleged violation. Ex. 2E at 1-2.  The notice did not list a hearing date.  Ex. 2E1.

The Notice of Rights form, which was explained to Petitioner in person, stated that Petitioner had a right to appear and speak at a hearing; to present evidence; to obtain and present witnesses; to have the evidence disclosed prior to the hearing; to confront and examine witnesses; to be represented by counsel and have counsel appointed if he qualified; and to receive fourteen-days' written notice of the hearing date.  Ex. 2E2.  The form also provided an "election" by which the Petitioner could waive a hearing.  That provision, which was signed by Petitioner on June 6, 2012, stated: "I hereby freely and voluntarily waive my right to said violation hearing."  He also signed the provisions indicating that his rights were read to him and that he waived the right to be represented by an attorney.  Ex. 2E2.  The form signed by Petitioner further indicated that he was 59 years

old, could read and write, had a 10th grade education, and was not on any

medications.  Ex. 2E2.

A separate Waiver of Conditional Release Violation Hearing form was

also signed by Petitioner on June 6, 2012.  Ex. 2F1.  The form stated:

> [B]y signing this voluntary Waiver of Conditional Release
> Violation Hearing ("Waiver") [I] do hereby freely and voluntarily,
> with full knowledge as to the consequences of my doing so,
> waive my Conditional Release violation hearing and any rights
> relating to said hearing as provided in Chapter 947, Florida
> Statutes.
> . . . .
> I realize and acknowledge that I am waiving the requirement for
> the Commission to conduct a violation hearing regarding my
> alleged violation(s). I further understand that as a result of this
> Waiver, and based upon the violation report and any other
> relevant documents or evidence received herein, I may be
> found guilty of any and all violation(s) appearing on the
> Notice of Hearing and that such violation(s) shall constitute a
> willful violation(s) of a substantial condition(s) of my
> supervision.  I understand that even if pending criminal charges
> do not result in conviction(s) that I may be found guilty of
> Commission charges based on the same set of facts.
> . . . .
> I further acknowledge that no promises, threats or
> inducements have been made or offered to me to cause me
> to sign this waiver. I fully understand that any
> recommendation made by the Parole Examiner is not binding
> on the Commission.  I fully understand that any final decision
> will be made solely by the Commission and that the
> Commission will decide whether to revoke my supervision,
> reinstate me to supervision, or discharge me from supervision.

Ex. 2F1.  Petitioner signed this document, assenting to the foregoing, and

two witnesses also signed.  Ex. 2F1.  The form also indicated that

Petitioner could choose to withdraw the waiver within fourteen days, and he was provided with a Withdrawal of Voluntary Waiver form.  Ex. 2F1.

Shortly after receiving this information and signing the above forms, Petitioner wrote a letter to the Parole Commission on June 10, 2012, stating that he had gotten into a fight with the victim, who had been drinking, because the alleged victim had called Petitioner's girlfriend "all kind of names."  Ex. 2H3.  He said no one was hurt and that someone other than the victim called the police.  The letter stated that Petitioner was "sorry about the violation" and wished to be reinstated to conditional release because he was "doing good" and still had his job and a place to stay.  Ex. 2H3.  On July 11, 2012, the Florida Parole Commission issued an order revoking Petitioner's conditional release, finding that Petitioner willfully violated condition 7, a substantial condition of release, in that he did unlawfully touch, strike, or cause bodily harm to the victim against the will of the victim.  Ex. 2H1.  The evidence relied on to support the revocation was stated to be the Florida Department of Corrections Violation Report dated May 29, 2012, submitted by Correctional Probation Officer Paul Stevens, and the Putnam County Sheriff's Office Arrest and Booking Report dated May 26, 2012, submitted by Officer Kenneth Roberts.  Ex. 2H1.

Petitioner filed an amended petition for writ of habeas corpus in the Third Judicial Circuit, Madison County, Florida on, November 28, 2012, alleging that his waiver of hearing on the revocation of conditional release was involuntary; that he only received a copy of the police report after he waived his hearing; that the revocation was based on a false, inaccurate, and insufficient police report; that the revocation was unlawfully based on a misdemeanor arrest; that the revocation was based on a charge that was dismissed and not prosecuted; and that he should be immune from prosecution on the charge because he acted in self-defense.[4]  Ex. 1 at 1-22.  He also contended in the petition that the parole examiner he met with on the day he signed the waiver gave him misadvice that he would be reinstated because the charge that formed the basis of the violation report was a misdemeanor.  Ex. 1 at 1-3.

After a response and reply, on March 11, 2013, the circuit court in and for Madison County, Florida, denied the petition for writ of habeas corpus, finding that the petition was barred by the waiver of a hearing; the waiver refuted claims of duress or inducement; that nothing bars

---

[4] The Florida Parole Commission is an administrative agency of the state and its orders rescinding or revoking parole are reviewed not by appeal to the state district courts of appeal but by filing a petition for writ of mandamus or habeas corpus in the state circuit courts.  *See* section 120.81(3)(a), Florida Statutes.  Richardson v. Fla. Parole Comm'n, 924 So. 2d 908, 910 (Fla. 1st DCA 2006).  The denial of the writ may then be reviewed by filing a writ of certiorari in the appropriate state district court of appeal.  *Id.*

revocation based on a misdemeanor violation; that the waiver of hearing

waived his right to review the evidence; and that revocation of conditional

release may be had on the basis of a law violation even in the absence of

a criminal conviction for the violation.  Ex. 3 at 1-7.  The circuit court also

held that because Petitioner waived a hearing, his claims were not

preserved for the review provided in the petition for writ of habeas corpus.

Ex. 3-3.

In denying relief, the circuit court cited the affidavit of Richard

Hughes, Florida Parole Commission Parole Examiner who met with

Petitioner on June 6, 2012, when the waiver of hearing was signed and

notice of rights provided.  Ex. 3-4 (citing Ex. 2G).  In the affidavit, Hughes

stated under oath that he did not tell, suggest, or insinuate to Petitioner

that he would be reinstated to conditional release because the violation

was only a misdemeanor.  Ex. 2G2.  The Hughes affidavit also stated that

Petitioner never asked to review the police report.  Ex. 2G2.

On March 25, 2013, Petitioner filed a petition for writ of certiorari in

the state First District Court of Appeal to review the order of the Madison

County circuit court.  Ex. 4 at 1-12.  The district court ordered a response,

Ex. 4-13, which was filed by the Florida Parole Commission.  Ex. 5 at 1-17.

Petitioner filed a reply and exhibits, Ex. 5 at 18-51.  On September 24,

2013, the district court denied the petition for writ of certiorari on the merits. Ex. 6-1.  *See* Gaines v. Dep't of Corr. And Fla. Parole Comm'n, 145 So. 3d 100 (Fla. 1st DCA 2013), *reh'g denied*, December 4, 2013) (table).  The mandate was issued December 20, 2013.  Ex. 6-3.

Petitioner then, on March 7, 2014, filed an "emergency" petition for writ of habeas corpus, this time in the circuit court of Wakulla County, Florida, against the Department of Corrections and the Florida Parole Commission.  Ex. 7.  He alleged that revocation of conditional release by the Commission was error because he was never provided adequate notice of the violation with which he was charged and that the Department of Corrections misinterpreted its rule regarding forfeiture of his gain time. Ex. 7 at 1-25 (with exhibits).  After response by the Parole Commission, Ex. 7-26, and by the Department of Corrections, Ex. 9-1, and after Petitioner's reply, Ex. 8-16, the circuit court of Wakulla County denied the petition.  Ex. 10.  The circuit court held, as to the claim that Petitioner was not properly advised of the basis for revocation, that it was barred by res judicata and that it failed on the merits.  Ex. 10 at 4-6.  The court found that the notice apprised Petitioner of the criminal behavior by tracking the language of the battery statute and by citing the facts concerning the

alleged violation, including the date and place of the occurrence.  Ex. 10 at

6-7.  Review of this denial was not sought in the district court of appeal.

Petitioner filed this petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 on April 1, 2014.  ECF No. 1.  He raises three grounds for

relief:

> (1) The Florida Parole Commission abused its discretion and violated Petitioner's federal constitutional right to due process by revoking conditional release based on Petitioner's behavior that constituted a simple battery with no weapon that was only an act of self-defense and which complied with Florida's "Stand Your Ground" law.

> (2)  The Florida Parole Commission violated Petitioner's federal constitutional right to due process by revoking his conditional release after relying on a waiver of hearing form signed by Petitioner under duress, after the state withheld a vital police report, and under the assumption he would be released.

> (3) The Florida Parole Commission applied the incorrect law and abused its discretion by relying on an inaccurate and incomplete police report to revoke his conditional release, thus rendering the decision of the Florida Parole Commission void in violation of the state statute and in violation of Petitioner's federal due process rights.

## <u>Analysis</u>

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and

Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody.  Section 2254(d)

provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not

be granted with respect to any claim that was adjudicated on
the merits in State court proceedings unless the adjudication of
the claim—

(1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in
the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 181

(2011); Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011).  "This is a

'difficult to meet' and 'highly deferential standard for evaluating state-court

rulings, which demands that state-court decisions be given the benefit of

the doubt.' "  Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562

U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

This Court's review "is limited to the record that was before the state court

that adjudicated the claim on the merits."  Cullen, 563 U.S. at 181.

"[I]t is not the province of a federal habeas court to reexamine state-

court determinations on state-law questions," and "[i]n conducting habeas

review, a federal court is limited to deciding whether a conviction violated

the Constitution, laws, or treaties of the United States."  Estelle v. McGuire,

502 U.S. 62, 67-68 (1991).  *See also* Swarthout v. Cooke, 562 U.S. 216,

222 (2011) ("[W]e have long recognized that 'a "mere error of state law" ' is

not a denial of due process.' " (quoting Engle v. Isaac, 456 U.S. 107, 121,

n.21 (1982))).

Where federal claims are properly raised in a habeas proceeding,

"[b]efore a federal court may grant habeas relief to a state prisoner, the

prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel,

526 U.S. 838, 842 (1999); Title 28 U.S.C. § 2254(b).  In order for remedies

to be exhausted, "the petitioner must have given the state courts a

'meaningful opportunity' to address his federal claim." Preston v.

Secretary, Florida Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015)

(quoting McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)).  The

Petitioner must have apprised the state court of the federal constitutional

claim, not just the underlying facts of the claim or a "somewhat similar

state-law claim." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir.

1998) (quoting Anderson v. Harless, 459 U.S. 4, 5-6 (1982)).  Where a

claim is unexhausted and, thus, procedurally defaulted, in order to obtain

review, the Petitioner must show cause for, and prejudice resulting from,

the default, or show a fundamental miscarriage of justice. Tower v. Phillips,

7 F.3d 206, 210 (11th Cir. 1993).  In order to demonstrate cause, Petitioner

must show that "an external impediment, whether it be governmental

interference or the reasonable unavailability of the factual basis for the

claim . . . prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  In order to satisfy the miscarriage of justice exception, the Petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995).

This proceeding involves Petitioner's claims of denial of due process alleged to have occurred as a result of the revocation of his conditional release.  Conditional release supervision is "an additional post-prison supervision program for certain types of offenders that the Legislature determined to be in need of further supervision after release and who are entitled to accumulated gain time." Gray v. State, 791 So. 2d 560, 562 (Fla. 5th DCA 2001).  The Florida Legislature enacted the Conditional Release Program Act in section 947.1405, Florida Statutes (1988), and in it granted the Florida Parole Commission the authority and discretion to impose any special conditions of supervision the Commission determines are warranted. See § 947.1405(6), Fla. Stat.  For supervised release programs such as parole and conditional release, the Parole Commission has broad authority to determine issues surrounding parole, the conditions of release, and revocations of release.  See Fla. Parole Comm'n v. Taylor,

132 So. 3d 780, 785 (Fla. 2014); <u>Mayes v. Moore</u>, 827 So. 2d 967, 972

(Fla. 2002); <u>Rivera v. Singletary</u>, 707 So. 2d 326, 327 (Fla. 1998); <u>David v.</u>

<u>Meadows</u>, 881 So. 2d 653, 655 (Fla. 1st DCA 2004); <u>Nord v. Fla. Parole</u>

<u>and Prob. Comm'n</u>, 417 So. 2d 1176, 1177 (Fla. 1st DCA 1982).

"There is no right under the Federal Constitution to be conditionally

released before the expiration of a valid sentence, and the States are under

no duty to offer parole to their prisoners."  <u>Swarthout</u>, 562 U.S. at 220.

Florida's parole statutes do not create a liberty interest because the Florida

Parole Commission retains discretion over whether to grant or deny parole.

*See* <u>Damiano v. Fla. Parole & Prob. Comm'n</u>, 785 F.2d 929, 931-32 (11th

Cir. 1986) (per curiam).  Persons at liberty on parole or other type of

release, however, have a conditional liberty interest protected by the

Fourteenth Amendment entitling them to certain minimum due process

requirements.  <u>Morrissey v. Brewer</u>, 408 U.S. 471, 489 (1972).  In Florida,

revocation hearings are governed by the same due process considerations.

*See, e.g.,* <u>Gillard v. State</u>, 827 So. 2d 316 (Fla. 1st DCA 2002).  A

conditional release revocation proceeding is not a criminal trial and "all that

is required is that the evidence and facts reasonably demonstrate that the

person's conduct has not been as good as required by the terms and

conditions of the release."  <u>Mack v. McCune</u>, 551 F.2d 251, 254 (10th Cir.

1977). "[A]bsent flagrant or unauthorized action by a parole board the discretionary power vested in a parole board will not be interfered with by the Federal courts." Thomas v. Sellers, 691 F.2d 487, 489 (11th Cir. 1982).

### Ground 1: Alleged Conduct Did Not Violate Conditions of Release

Petitioner first contends that the Florida Parole Commission abused its discretion and violated his federal constitutional right to due process by revoking his conditional release. He argues that the Commission based the revocation on Petitioner's behavior that constituted a simple battery, an offense he contends does not give rise to violation of conditional release, and which was an act of self-defense in a fight initiated by another, thus complying with Florida's "Stand Your Ground" law. For these reasons, he contends that revoking his conditional release violated his federal constitutional right to due process. ECF No. 1 at 4.

The Florida Parole Commission first responds that the issues raised by Petitioner are purely state law issues that are not cognizable in this § 2254 proceeding. Notwithstanding the Commission's position, the due process claims raised in this petition are cognizable in a federal habeas corpus proceeding. *See* Morrissey, 408 U.S. at 484. The minimum due process requirements for revocation of parole and other similar release programs have been stated as the following: (a) written notice of the

claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body such as a traditional parole board; and (f) a written statement by the factfinders as to the evidence relied on and the reasons for revoking parole.  The Supreme Court explained, however, that "there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense.  It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in any adversary criminal trial."  *Id.* at 489.

Petitioner argues in this § 2254 proceeding that he was denied due process because his conditional release was revoked based on a police report indicating that he committed a simple battery on an individual, not a felony, and that he was denied due process because his actions were in self-defense, and thus not a violation of any law.  The Florida Parole Commission found Petitioner violated condition 7 of his conditional release certificate and conditions of release, which required him to obey "all laws, ordinances or statutory conditions," not just felony criminal statutes.

To exhaust challenges to revocation of conditional release, a prisoner must first file a petition for writ of habeas corpus in the appropriate trial court and then seek review of the order denying the petition for writ of habeas corpus. *See* Richardson v. Fla. Parole Comm'n, 924 So. 2d 908, 910 (Fla. 1st DCA 2006); Heard v. Florida Parole Comm'n, 811 So. 2d 808, 809 (Fla. 1st DCA 2002); Brown v. State, 738 So. 2d 500, 502 (Fla. 5th DCA 1999) (holding that Florida appellate courts treat as petitions for writ of certiorari all appeals of denied petitions for writ of habeas corpus challenging Parole Commission's order revoking parole). Respondent correctly notes that this claim was not raised in the conditional release revocation proceeding before the Florida Parole Commission because Petitioner waived a hearing and waived any opportunity to challenge the evidence or the due process implications of his violation report being based on commission of a misdemeanor. He did raise this claim in his state petition for writ of habeas corpus, where it was denied on the merits. He also raised the claim in his petition for writ of certiorari to review the order of the circuit court, where the state appellate court denied it on the merits.

Whether conditional release may be revoked for commission of a misdemeanor and whether the conduct that formed the basis for the revocation of conditional release was in self-defense or in conformance

with Florida's "Stand Your Ground" law are issues of state law that were decided on the merits by the state courts.  Even if this determination of state law was erroneous, the Supreme Court has explained that the federal courts "have long recognized that 'a mere error of state law' is not a denial of due process."  Swarthout, 562 U.S. at 222 (quoting Engle, 456 U.S. at 121, n.21).  The state adjudication must be shown to violate the constitution, laws or treaties of the United States.  Estelle, 502 U.S. at 68.  Thus, to obtain federal habeas review, Petitioner must show a violation of a constitutional right.  This showing has not been made.

Petitioner waived a hearing on the notice of violation, and therefore presented no evidence in the state administrative proceeding or state court that his actions were in self-defense and not a violation of a state law.  Even if self-defense or "Stand Your Ground" law would have provided valid grounds to find Petitioner did not violate his conditions of release, if proven, he has made no showing other than conclusory allegations that his actions were in self-defense.  The denial of this aspect of Petitioner's claim—that due process was violated because his conduct serving as the basis for the revocation was in self-defense—has not been shown to have been an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Nor was it shown to have been contrary to,

or involving an unreasonable application of, clearly established federal law as determined by the Supreme Court.

Petitioner also contends in his reply, for the first time in this proceeding, that the revocation also violated his due process rights because although he was arrested and a police report was filed, he was not prosecuted for the alleged battery. ECF No. 16 at 23 (Reply). This specific claim was not raised in his § 2254 petition, ECF No. 1, although it was raised in the petition for writ of habeas corpus filed in the state circuit court, Ex. 1-15 at page 15, and denied on the merits in the circuit court's order. Ex. 3-6. It was also mentioned in the petition for writ of certiorari filed in the state district court of appeal, which was denied on the merits. Ex. 4-10.

Regardless of any waiver by failure to present this aspect of his claim in his § 2254 petition rather than only in the reply, the claim lacks merit. Revocation of parole or similar forms of conditional release do not require that the releasee be prosecuted or convicted for the conduct. Parole violations can be based on criminal charges that were dismissed prior to trial or for which the defendant was found not guilty. *See* United States v. Jolibois, 294 F.3d 1110, 1114 (9th Cir. 2002) (upholding a revocation of supervised release based upon actual conduct where the defendant was not prosecuted for that conduct); *see also* Taylor v. U.S. Parole Comm'n,

734 F.2d 1152, 1155 (6th Cir. 1984); <u>Russ v. State</u>, 313 So. 2d 758, 760

(Fla. 1975); <u>Morency v. State</u>, 955 So. 2d 67, 68, n.1 (Fla. 3d DCA 2007);

<u>State v. Jenkins</u>, 762 So. 2d 535, 536 (Fla. 4th DCA 2000).

Probation and parole may also be revoked on proof that does not

support a criminal conviction.

> It has long been recognized that upon review of a
> probation or parole revocation, the question is whether the
> revoking authority has abused its discretion.  Proof sufficient to
> support a criminal conviction is not required to support a
> discretionary order revoking parole.  In a revocation proceeding
> after a subsequent arrest on a felony charge, the question to be
> determined is not only by evidence of guilt of the offense for
> which the parolee is charged, but by evidence as to good
> behavior during the period of parole.  <u>Brill v. State</u>, 159 Fla.
> 682, 32 So. 2d 607 (1947).  As was stated in a quote from the
> case of <u>Bernhardt v. State</u>, 288 So. 2d 490, 498 (Fla.1974):
>
> > 'There is no presumption of innocence in the
> > probation revocation process, at least not in the
> > sense in which the phrase is used with reference to
> > the criminal process.'
>
> And, as stated in <u>Morrissey v. Brewer</u>, 408 U.S. 471 at 480
> (1972):
>
> > '. . . Parole arises after the end of the criminal
> > prosecution, including imposition of sentence. . . .
> > Revocation deprives an individual, not of the
> > absolute liberty to which every citizen is entitled, but
> > only of the conditional liberty properly dependent on
> > observance of special parole restrictions.'
>
> A parole revocation proceeding is not a criminal prosecution in
> any sense.  It's purpose is to make a determination through a
> narrow inquiry: whether the parolee has violated the conditions
> of his parole.  It has been held by the Courts of this State on
> numerous occasions and it is obvious from F.S. s 949.11, which

requires a hearing to be held within 10 days, that a formal conviction of a crime is not essential to enable the proper authority to revoke parole or probation.  Contrary to the contention of appellee, whether or not a crime itself has been committed is not determinative of the issue of whether or not a parole violation has occurred.

State ex rel. Florida Parole & Prob. Comm'n v. Helton, 313 So. 2d 413, 415 (Fla. 1st DCA 1975).  *See also* Campbell v. State, 65 So. 3d 1103 (Fla. 4th DCA 2011); Flores v. State, 46 So. 3d 102, 104 (Fla. 3d DCA 2010); Cavalcante v. Fla. Parole Comm'n, 414 So. 2d 658 (Fla. 1st DCA 1982); State ex rel. Roberts v. Cochran, 140 So. 2d 597, 599 (Fla. 1962).

In Florida, to meet its burden in a violation of supervised release proceeding, the state need only demonstrate by a preponderance of the evidence that the defendant committed the subject offense.  *See* Miller v. State, 661 So. 2d 353, 354 (Fla. 4th DCA 1995).  The police arrest report relied on by the Parole Commission sufficiently set forth the facts concerning the alleged battery, and the Commission's reliance on it was not improper under the circumstances in this case where Petitioner waived a hearing on the violation and admitted the alleged violation in the letter that he sent the Commission prior to the revocation of his conditional release.

Finally, Petitioner contends in his reply, ECF No. 16 at 13, that the revocation violated his due process rights because the notice of violation

alleged a violation of condition 5, see Ex. 2D2, whereas the Florida Parole

Commission found him in violation of condition 7.  Ex. 2H1.  Condition 7, as

noted above, required Petitioner to obey "all laws, ordinances or statutory

conditions."  Condition 5 of the Certificate of Conditional Release and

Terms and Conditions of Supervision did not relate to violation of law.

Thus, the reference to condition 5 in the violation report was in error.

However, the report did make clear that a violation was being alleged

based on a condition of release that Petitioner not violate any laws, and the

factual basis of the allegation was expressly set forth in the notice.  In the

Department of Corrections Violation Report submitted to the Florida Parole

Commission, it was alleged as follows:

> **1) <u>HOW VIOLATION OCCURRED:</u>**
> **Violation of Condition (5) of the Order of Probation**, by
> failing to live and remain at liberty without violating any law by
> committing the offense of Battery on 5/26/12, in Putnam
> County, Florida, and as grounds for belief that the offender
> violated his probation, Officer Stevens states that the offender
> was arrested on 5/26/12, for the said offense.
>
> Circumstances:  On 5/26/12, Deputy Kenneth Roberts of the
> Putnam County Sheriff Office responded to the 115 Ash St.
> East Palatka, FL in reference to a battery.  Deputy Roberts
> made contact with [victim's name redacted in this record] who
> had a cut across his left chin and scratch around his neck.
> [Victim] stated he was standing beside the burn barrel drinking
> beer when he was attacked by Tommy Gaines.  [Victim] stated
> that Tommy grabbed him by the neck and "dropped him on his
> head."

> This information was verified and witnesses by Zelda Crawford. Zelda further stated that Tommy jumped into an old F150 green truck and left the scene. After collecting statements from the victim and witness Deputy Roberts made contact with Tommy on Putnam Blvd.
>
> Tommy was read his Miranda Rights and asked what happened. Tommy stated [Victim] started "talking shit" about his girlfriend and the next thing he knew they were fighting. Tommy stated he never slammed anyone and it was a mutual fight. Tommy was arrested and transported to the Putnam County Jail without incident for battery and violation of probation.

Ex. 2D2-2D3.

The record demonstrates that neither the Petitioner nor the Florida Parole Commission was misled or confused by the incorrect reference to condition 5 and to "probation" because the factual allegations forming the basis for the claim of violation were specific. Further, the report alleged that Petitioner had failed to live at liberty "without violating any law," which is in essence the same requirement as in condition 7 of his conditional release certificate, which is to "obey all laws." Approximately one month before the Commission issued the revocation order and only four days after meeting with the Parole Examiner to discuss the violation and Petitioner's rights, Petitioner wrote a letter to the Commission admitting that he and the victim, whom he named in the letter, had gotten into a fight and that Petitioner was "sorry about the violation" and wished to be reinstated. Ex.

2H3.  The explanation given in the notice of violation, which violation

Petitioner admitted in his letter, met with the requirement of due process

that Petitioner be notified of the conduct comprising the violation. The

explanation in the notice of violation also met with the due process

requirement that Petitioner be apprised of the nature of the condition which

was violated—in this case a condition of release that he not violate any law.

The allegations of the notice of violation sufficiently apprised Petitioner of

these matters and the Parole Commission's revocation of his conditional

release based on that notice of violation report and on the police report did

not violate Petitioner's due process rights.

Petitioner has not demonstrated that the state court's denial of his

petition for writ of habeas corpus resulted in a decision that was contrary to,

or involved in an unreasonable application of, clearly established federal

law as determined by the Supreme Court, or that it was based on an

unreasonable determination of the facts in light of the evidence presented.

Federal habeas relief on Ground 1 should be denied.

## Ground 2:  Waiver of Hearing and Review of Evidence

Petitioner next contends that the Florida Parole Commission violated

his federal right to due process by revoking his conditional release after

relying on a waiver of hearing form signed by Petitioner under duress, after

the state withheld a vital police report, and under the assumption he would be released.  ECF No. 1 at 4-5.  The Respondent Florida Parole Commission argues that Petitioner produced no evidence that he was under duress or was led to believe he would be released if he signed the waiver.  ECF 15 at 15.  Contrary to Petitioner's contentions, the record contains evidence that Petitioner understood his rights, including the right to review the evidence prior to a hearing and to present his own testimony, evidence and witnesses at the hearing.  Petitioner was aware of his own arrest and could have requested and reviewed a copy of the police report before waiving the hearing.  His allegation that the police report was withheld from him is also not supported by the record.  The record demonstrates that Petitioner was apprised of his right to review the evidence before signing the forms or making a decision whether to waive the hearing.

As part of the habeas corpus proceedings in the circuit court of Madison County, the Parole Commission produced a sworn affidavit of Richard G. Hughes, a Parole Examiner, who met with Petitioner on June 6, 2012, and explained his rights.  Ex. 2G1-2.  This affidavit provided competent, substantial evidence that Petitioner understood what rights he was waiving and understood that he had fourteen days to withdraw the

waiver.  Hughes denied ever telling, insinuating, or implying to Petitioner that if he waived the hearing, he would be reinstated to conditional release supervision because the violation was only for a misdemeanor.  Petitioner's arguments that section 947.141(2), Florida Statutes, requires that a felony be charged—and that this statute supported his assumption that his conditional release could not be revoked for a misdemeanor—is without merit.  That section provides that if the releasee is arrested for a felony charge, the offender "must be detained without bond," and if the trial judge determines there was no probable cause for the arrest, the offender must be released.  The statute cited by Petitioner deals only with detention without bond and does not limit the authority of the Commission to revoke conditional release based on violation of a law other than a felony.

Section 947.141(1), Florida Statutes, expressly provides that if a member of the Commission or its representative "has reasonable grounds to believe that an offender who is on release supervision . . . has violated the terms and conditions of the release in a material respect, such member or representative may cause a warrant to be issued for the arrest of the releasee."  This broad provision allows the offender to be arrested and have his violation heard regardless of whether the violation involves a felony charge.  Petitioner's misunderstanding of section 947.141(2), and his

mistaken belief that he could not have his conditional release revoked for violation of a criminal misdemeanor statute, provides no grounds to find that his waiver of hearing was under duress, fraud, or misrepresentation.

In his letter to the Florida Parole Commission just four days after waiving his right to a hearing and his right to view the evidence, Petitioner admitted the violation and apologized for it.  He recited the pertinent facts concerning the circumstances of the altercation and the battery, which demonstrates that he was not prejudiced by his failure to view the police report.  Due process has not been denied, as is evidenced by the full documentation in the record and by Petitioner's admission that his waiver was "knowingly and voluntarily given."  Ex. 2C8.

The federal courts shall not grant a petition for habeas corpus with respect to any claim that was adjudicated on the merits in state court, with two exceptions.  28 U.S.C. § 2254(d).  The only exceptions to this bar are where the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or where it was based on an unreasonable determination of the facts in light of the evidence presented in state court.  That showing has not been made.  The state circuit court found, based on the record, that Petitioner was provided notice of the

violation and was advised of his rights in the conditional release proceeding.  Ex. 3-2 (order denying petition for habeas corpus).  The court also found that the conduct leading to the charge of battery was a proper basis for revocation of conditional release because there was no requirement that the offense be a felony, and that the evidence supporting the revocation was competent and substantial.  Ex. 3 at 5-6.

For these reasons, the state court's adjudication was not unreasonable in light of the facts set forth in the record of the proceeding, and Petition has failed to demonstrate that any of the proceedings deprived him of a federal constitutional right to due process.  Nor has Petitioner shown that the adjudication was contrary to, or involving and unreasonable application of, federal law as determined by the United States Supreme Court.  Accordingly, federal habeas relief on Ground 2 should be denied.

## Ground 3:

In Petitioner's last claim he contends that the Florida Parole Commission applied the incorrect law and abused its discretion by relying on an inaccurate and incomplete police report to revoke his conditional release, thus rendering its decision void in violation of the state statute and in violation of Petitioner's federal due process rights.  ECF No. 1 at 5. Petitioner fails to explain in what respects the report was inaccurate or

incomplete.  He also failed to explain the basis for this allegation in his state court proceedings in order to demonstrate in what respect the Parole Commission's reliance on this report violated due process.

Petitioner is required to exhaust available state court remedies, *see* 28 U.S.C. § 2254(b)(1), in order to give the State the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971) (citation omitted)).  To satisfy the exhaustion requirement, Petitioner must "fairly present" his claim in each appropriate state court, to alert the state courts to the federal nature of the claim.  Duncan, 513 U.S. at 365-66; O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Picard, 404 U.S. at 277-78.  "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."  O'Sullivan, 526 U.S. at 845.  This same principle applies to Petitioner's claim for federal habeas relief based on the revocation of his conditional release.

Petitioner's contention that the police report was inaccurate or incomplete was not presented to the Parole Commission and was not

explained in any detail in his state petition for writ of habeas corpus.  *See*

Ex. 1 at pages 7-8.  A due process claim is not presented by a conclusory

allegation that the parole board considered erroneous or inaccurate

reports.  Slocum v. Georgia State Bd. of Pardons and Paroles, 678 F.2d

940, 942 (11th Cir. 1982).  Petitioner's failure to raise this claim before the

Florida Parole Commission, and his unsubstantiated conclusory allegations

of the incompleteness and inaccuracy of the police report in his petition for

habeas corpus did not "fairly present" his federal claim to the state court in

order that the state courts might correct the alleged violation of due

process.

On the merits, no violation of due process has been demonstrated by

the Florida Parole Commission's reliance on the police report.  The

Supreme Court has not established that due process in a revocation

proceeding requires proof beyond a reasonable doubt that the releasee

committed the alleged violation.  *See* United States v. Taylor, 931 F.2d

842, 848 (11th Cir. 1991) (stating all that is required is that the evidence

reasonably satisfy the judge that the conduct of the probationer has not

been as good as required by the conditions of probation).  The police report

and the State of Florida Department of Corrections Violation Report

sufficiently set forth the facts of the alleged battery, including the date of the

offense, the location of the offense, the alleged victim, and the name and statements given by a witness. The police report indicated that the arresting officer observed a cut on the chin of the alleged victim. The report also indicated that Petitioner advised the officer that a mutual fight occurred after the victim disrespected Petitioner's girlfriend. Ex. 2D at 2-3. These facts support a finding that Petitioner violated the law by committing battery.

Petitioner was given notice of the facts and circumstances alleged in the police report concerning the battery. He was also given notice of his right to review the police report and any other evidence prior to a hearing, and that if the hearing was waived, his right to withdraw the waiver within fourteen days, a right he did not exercise. Instead, after waiving his right to a hearing and his right to review the evidence and present his testimony and that of other witnesses, Petitioner wrote a letter to the Florida Parole Commission admitting the violation, apologizing, and asking that he be reinstated to conditional release. Under these circumstances, the Parole Commission has not been shown to have acted flagrantly or in an unauthorized fashion, and no due process violation has been shown in its reliance on the facts set out in the police report.

Petitioner has failed to show that the state court's adjudication in denying relief on this claim resulted in a decision that was contrary to, or involved in an unreasonable application of, clearly established federal law as determined by the Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented. Therefore, federal habeas relief on Ground 3 should be denied.

## Conclusion

Based on the foregoing, Petitioner Tommy Lee Gaines is not entitled to federal habeas relief. Accordingly, the § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S.

473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No. 1). It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 6, 2016.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.