IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TOMMY LEE GAINES,

    Petitioner,

v.                                      CASE NO. 4:14cv178-RH/CAS

JULIE L. JONES etc., et al.,

    Respondents.

_____/

**ORDER DENYING THE PETITION AND
DENYING A CERTIFICATE OF APPEALABILITY**

    This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 17, and the objections, ECF No. 18. I have reviewed de novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion.

    Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may

issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has made the required showing on only a single issue, as set out below.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is granted on this issue: whether this court has properly denied without a hearing the petitioner's claim that his waiver of a hearing before the Florida Parole Commission was involuntary and that the Commission's revocation of his conditional release without a hearing thus violated the Due Process Clause.

4. The clerk must close the file.

SO ORDERED on June 13, 2017.

s/Robert L. Hinkle
United States District Judge